1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                   NORTHERN DISTRICT OF CALIFORNIA
7
8   MICHAEL B. WILLIAMS,                         No. C-13-2723 EMC (pr)
9              Plaintiff,
10       v.                                   **ORDER TO STAY PROCEEDINGS**
11  MICHAEL WHELAN; *et al.*,
12             Defendants.
13  _____/
14                    I.    **INTRODUCTION**
15       Plaintiff, currently in custody at the Coalinga State Hospital, filed this *pro se* civil rights
16  action under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis*.  His complaint is now
17  before the Court for review under 28 U.S.C. § 1915.
18                    II.   **BACKGROUND**
19       The complaint in this action is largely about the slowness of the civil commitment
20  proceedings under California's Sexually Violent Predator Act ("SVPA"),  *see* Cal. Welf. & Inst.
21  Code § 6600 *et seq.*  Plaintiff's complaint alleges the following:
22       Plaintiff was convicted of rape in 1991 and served 9-1/2 years in state prison on that
23  conviction. Docket # 1 at 3, 9.  Since the completion of his prison sentence in or about 2000, he has
24  been detained while awaiting civil commitment proceedings under the SVPA.  On December 6,
25  2000, the San Francisco County District Attorney filed a petition to civilly commit Plaintiff under
26  the SVPA.  At the time the petition was filed, the law permitted a two year commitment.  According
27  to Plaintiff, the commitment term under that petition would have expired on December 6, 2002.
28  *See* Docket # 1 at 3 & n. 1.

In the 13 years that the SVPA petition has been pending against Plaintiff, three probable cause hearings have been held – in 2002, 2005, and 2012 – and each time the trial court has found probable cause to hold Plaintiff over for trial, although the first two determinations apparently were set aside due to legal challenges. *See id.* at 3, 5. Defendants Jack Vognsen and Richard Romanoff are psychologists who evaluated Plaintiff for commitment under the SVPA. In March 2012, Plaintiff's appointed counsel, Robert Amparan, moved to dismiss the SVPA petition for several reasons, including a denial of a speedy trial. *Id.* at 3-4. The trial court denied the motion to dismiss. The trial court then held the third probable cause hearing. On October 9, 2012, attorney Robert Amparan withdrew as counsel for Plaintiff. *Id.* at 5. In December 2012, the trial court appointed attorney Michael Whelan to represent Plaintiff in the SVPA proceedings. *Id.* at 8. Plaintiff's former attorney, Amparan, wrote to Plaintiff that he had urged attorney Whelan "to relitigate the Motion to Dismiss with additional documentation about the delays in plaintiff's case." *Id.* at 8. Plaintiff also wrote to Whelan to urge him to re-litigate the motion to dismiss and to file several other documents, including a state habeas petition. *See id.* Attorney Whelan responded on December 27, 2012, that he would not file any pretrial motion or habeas petition, and would not re-litigate the motion to dismiss. *Id.* at 9.

Plaintiff alleges numerous claims against attorney Whelan and psychologists Vognsen and Romanoff. Defendant Whelan allegedly wrongly refused to file requested motions and a habeas petition, and wrongly refused to "conduct an independent investigation regarding" the clinical evaluation reports from defendants Vognsen and Romanoff. *Id.* Whelan also allegedly "conspired with" Vognsen and Romanoff, as well as "various other state officials, including the trial judge, and Assistant District Attorney of San Francisco County assigned to the state SVP case, to secure plaintiff's SVP unlawful conviction." *Id.* at 9. Vognsen and Romanoff allegedly conducted improper SVPA evaluations of Plaintiff and testified improperly at his probable cause hearings. *Id.* at 10-11. Whelan, Vognsen and Romanoff allegedly caused Plaintiff to be falsely imprisoned based on their participation in the SVPA commitment proceedings.

In his prayer for relief, Plaintiff requests, among other things, (1) a declaratory judgment declaring that the delay in holding the SVPA probable cause hearings and trial violated his right to

United States District Court

For the Northern District of California

1  equal protection and due process; (2) a declaratory judgment that "dismissal of the defunct SVP

2  commitment proceedings is the appropriate remedy;" (3) punitive damages; and (4) "additional

3  general, and compensatory damages." *Id.* at 13.

### III.   DISCUSSION

5      The Court must dismiss an *in forma pauperis* action at any time if the Court determines that

6  the allegation of poverty is untrue, the action is frivolous or malicious, the action fails to state a

7  claim upon which relief may be granted, or seeks monetary relief against a defendant immune from

8  such relief.  *See* 28 U.S.C. § 1915(e).  *Pro se* pleadings must be liberally construed.  *See Balistreri v.*

9  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

10      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right

11  secured by the Constitution or laws of the United States was violated and (2) that the violation was

12  committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48

13  (1988).

14      The complaint cannot go forward at this time because the claims alleged are so closely tied

15  to the validity of the civil commitment proceedings now pending.  The case of *Heck v. Humphrey*,

16  512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a

17  wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness

18  would render a conviction or sentence invalid, unless that conviction or sentence already has been

19  determined to be wrongful.  *See id.* at 486-87.  A conviction or sentence may be determined to be

20  wrongful by, for example, being reversed on appeal or being set aside when a state or federal court

21  issues a writ of habeas corpus.  *See id.*  The *Heck* rule also prevents a person from bringing an action

22  that – even if it does not directly challenge the conviction or other decision – would imply that the

23  conviction or other decision was invalid.  The practical importance of this rule is that a plaintiff

24  cannot attack his conviction *in* a civil rights action for damages or declaratory relief; the decision

25  must have been successfully attacked *before* the civil rights action for damages is filed.

26      *Heck* applies to detainees under an involuntary civil commitment scheme such as

27  California's SVPA.  *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005).  Such a

28  detainee's claim for damages and/or declaratory relief is barred by *Heck* if success on the claim

United States District Court

For the Northern District of California

would necessarily imply the invalidity of the detainee's civil commitment.  *See id.* at 1140-41.

Thus, for example, in *Huftile*, the court found a § 1983 action against one of the psychological

evaluators of a plaintiff being considered for civil commitment under the SVPA barred by *Heck*

because, without her evaluation, there would have been no basis for the SVPA action to have

proceeded further.  *See id.* at 1141.

Although the *Heck* rule requires dismissal of a case where the conviction or civil

commitment has occurred, a different result occurs when the action is brought by a pretrial detainee.

*Heck* does not encompass the principle that "an action which would impugn *an anticipated future*

*conviction* cannot be brought until that conviction occurs and is set aside." *Wallace v. Kato*, 549

U.S. 384, 393 (2007) (emphasis in original).  If the criminal or civil commitment proceedings are

still pending, "it is within the power of the district court, and in accord with common practice, to

stay the civil action until" the state court proceedings have ended.  *See Wallace*, 549 U.S. at 393-94.

Here, Plaintiff's claims about the adequacy of his legal representation, the propriety of the

evaluations used as the basis for his commitment, and the alleged conspiracy to keep him in custody

are intimately related to the SVPA civil commitment case.  Success on any of Plaintiff's claims

would imply the invalidity of the pending SVPA proceedings or any eventual commitment that

might occur.  Accordingly, the Court will follow the path suggested by *Wallace* and stay further

proceedings in this matter until plaintiff's SVPA proceedings have concluded.

If Plaintiff wants to challenge the lawfulness of his current custody, the exclusive method by

which he may do so in federal court is by filing a petition for writ of habeas corpus.  *See Preiser v.*

*Rodriguez*, 411 U.S. 475, 500 (1973).

Plaintiff's motion for appointment of counsel is **DENIED**.  (Docket # 12.)  There is no

reason to appoint counsel in a case that is being stayed indefinitely.

Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.  (Docket # 4, 9 , 11, 13.)  As

he does have a job while he is in State custody and regular income of $54.00 per month, the Court

assesses a partial filing fee of **$20.00**, which Plaintiff must pay no later than **March 28, 2014**.

*See Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) ("Courts have discretion to impose partial

filing fees under the *in forma pauperis* statute," 28 U.S.C. § 1915).  Plaintiff may pay the partial

1  filing fee in installments or as a lump sum, but is cautioned that the partial filing fee must be paid by

2  the deadline or the action will be dismissed.

3  **IV.   CONCLUSION**

4  For the foregoing reasons, this action is **STAYED** and the Clerk shall

5  **ADMINISTRATIVELY CLOSE** the case.  The stay is intended to last as long as the SVPA

6  proceedings are pending.  Within **thirty (30)** days of the date the SVPA commitment proceedings

7  against him have concluded, Plaintiff must file a motion asking the Court to lift the stay.  If the stay

8  is lifted and the Court finds Plaintiff's claims would impugn the validity of a commitment that has

9  occurred, the action will be dismissed under *Heck*; if no such finding is made, the action will

10 proceed at that time, absent some other bar to suit. *See Wallace*, 549 U.S. at 394.

11 In light of the stay, Plaintiff should not file any more documents in this action until the state

12 court proceedings have concluded, except that he does need to pay the $20.00 partial filing fee by

13 the March 28, 2014 deadline or the action will be dismissed.

14

15 IT IS SO ORDERED.

16

17 Dated:  December 10, 2013

18 _____
   EDWARD M. CHEN
   United States District Judge

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California