UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL WHELAN; *et al.*,<br><br>        Defendants.<br>_____/ | No. C-13-2723 EMC (pr)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**<br><br>**(Docket No. 19)** |

        On December 10, 2013, the Court stayed the proceedings in this civil rights action pending the conclusion of the civil commitment proceedings against Plaintiff under California's Sexually Violent Predator Act ("SVPA"), *see* Cal. Welf. & Inst. Code § 6600 *et seq.* Plaintiff has filed a "motion seeking relief from the district court's December 10, 2013 judgment, pursuant to Rule 60(b)(1), (2) or (6)." Docket # 19.

        Plaintiff is not entitled to relief under Federal Rule of Civil Procedure 60 because no final judgment or order has been entered in this action. The proper vehicle for challenging an interlocutory order would be a motion for reconsideration. To seek reconsideration of an interlocutory order, such as the order to stay proceedings, a party must obtain leave of court to file a motion for reconsideration, and show: (1) that at the time of the motion for leave to file a motion for reconsideration, a material difference in fact or law exists from that which was presented to the court before entry of the order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the order; or (2) the emergence of new material facts or a change of law occurring after the time

of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* N. D. Cal. Civil L.R. 7-9(b).

Even if Plaintiff had followed the proper procedure and filed a motion for leave to file a motion for reconsideration, his motion does not meet the substantive criteria under Local Rule 7-9(b) for reconsideration of the order to stay proceedings. This action was stayed under the reasoning of *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Wallace v. Kato*, 549 U.S. 384, 393 (2007), because "[s]uccess on any of Plaintiff's claims would imply the invalidity of the pending SVPA proceedings or any eventual commitment that might occur." Docket # 14. That decision was, and remains, correct. Plaintiff's collateral estoppel argument in his motion for relief from judgment is legally frivolous and his other arguments do not call into question the propriety of the stay. Accordingly, Plaintiff's motion for relief from judgment is **DENIED**. (Docket # 19.)

Plaintiff is reminded that, if he wants to challenge the lawfulness of his current custody, the exclusive method by which he may do so in federal court is by filing a petition for writ of habeas corpus.

IT IS SO ORDERED.

Dated: April 24, 2014

_____
EDWARD M. CHEN
United States District Judge

2