UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL WHELAN, et al.,<br><br>    Defendants. | Case No. 13-cv-02723-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO LIFT THE STAY**<br><br>Docket Nos. 21-22 |

This *pro se* civil rights action was stayed on December 10, 2013, pursuant to the rule from *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on Plaintiff's claims would imply the invalidity of pending civil commitment proceedings under California's Sexually Violent Predator Act. The Court explained:

> Here, Plaintiff's claims about the adequacy of his legal representation, the propriety of the evaluations used as the basis for his commitment, and the alleged conspiracy to keep him in custody are intimately related to the SVPA civil commitment case. Success on any of Plaintiff's claims would imply the invalidity of the pending SVPA proceedings or any eventual commitment that might occur. Accordingly, the Court will follow the path suggested by *Wallace* [*v. Kato*, 549 U.S. 384, 393 (2007)], and stay further proceedings in this matter until plaintiff's SVPA proceedings have concluded.
>
> If Plaintiff wants to challenge the lawfulness of his current custody, the exclusive method by which he may do so in federal court is by filing a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). (Docket No. 14 at 4.)

Plaintiff now moves to lift the stay, and proceed with this action. He does not allege that the SVPA proceedings have been dismissed or set aside, and his continued housing at the Coalinga State Hospital suggests the SVPA proceedings are either still ongoing or at least have not been set aside. The motion to lift the stay is **DENIED** because the reason for the stay -- the

pendency of the civil commitment proceedings -- still exists. Docket Nos. 21 and 22.

The Court notes that Plaintiff's federal petition for writ of habeas corpus challenging the civil commitment proceedings was denied, *see Williams v. King*, No. 14-cv-1831 PJH, and currently is on appeal, *see Williams v. King*, Ninth Cir. Case No. 15-17499. Plaintiff should notify this court of the Ninth Circuit's decision in that appeal when that decision is issued.

This order disposes of Docket Nos. 21 and 22.

**IT IS SO ORDERED**.

Dated: October 26, 2016

_____
EDWARD M. CHEN
United States District Judge